IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

---

ROGER BUEHL,                           :
                                       :
              Plaintiff                :      Civil Action No. 10-02288
                                       :
                                       :      Judge James M. Munley
       v.                              :
                                       :
                                       :      *Electronically Filed*
JON FISHER, *et al.*,                  :
                                       :
              Defendants               :
                                       :

---

PLAINTIFF ROGER BUEHL'S RESPONSE IN OPPOSITION TO
DEFENDANTS' MOTION TO DISMISS AMENDED COMPLAINT

## TABLE OF CONTENTS

Table of Authorities...................................................................*iii*

I.      RELEVANT PROCEDURAL HISTORY.......................................1

II.     STATEMENT OF FACTS   ...............................................1

III.    STATEMENT OF STANDARD OF REVIEW...............................3

IV.     STATEMENT OF QUESTIONS INVOLVED..............................5

V.      ARGUMENT..................................................................5

        A.      Counts II, III, VI, VII, and VIII state valid claims for relief and
                should not be dismissed pursuant to Rule 12(b)(6)..............5

        B.      This Court should disregard Defendants' arguments pertaining
                to exhaustion of administrative remedies and the exhibits
                attached to Defendants' motion and brief, as they are
                inappropriate in a motion to dismiss under Rule 12(b)(6).......17


VI.     CONCLUSION................................................................19

# TABLE OF AUTHORITIES

## FEDERAL CASES

Bell Atlantic v. Twombly, 550 U.S. 544 (2007)...........................................3

Brooks v. DiFasi, 112 F.3d 46, 49 (2d Cir. 1997) ...................................17

Brown v. Wiener, 2005 U.S. Dist. LEXIS 15610 (E.D. Pa. 2005) ...............18

Burns v. Dep't of Corr., 544 F.3d 279 (3d Cir. 2008) ...............................13

Chainey v. Street, 523 F.3d 200 (3d Cir. 2008)......................................15

Fuentes v. Shevin, 407 U.S. 67 (1972) ... ...........................................10

Fosburg v. Lehigh Univ., 1999 U.S. Dist. LEXIS 2833 (E.D. Pa. 1999) ...........18

Fowler v. UPMC Shadyside, 578 F.3d 203 (3d Cir. 2009)...........................4

Griffin v. Spratt, 9969 F.2d 16 (3d Cir. 1992)...................................... 12

Griffin v. Vaughn, 112 F.3d 703 (3d Cir. 1997) ....................................17

Handberry v. Thompson, 446 F.3d 335 (2d Cir. 2006) ..............................13

Hedges v. United States, 404 F.3d 744 (3d Cir. 2005).................................4

In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410 (3d Cir. 1997) ..........18

Jones v. Bock, 549 U.S. 199 (2007)..............................................17

Kost v. Kozakiewicz, 1 F.3d 176 (3d Cir. 1993). ...................................4

Lauren W. ex rel. Jean W. v. DeFlaminis, 480 F.3d 259 (3d Cir. 2007)............ 6

Mack v. Yost, 2011 U.S. App. LEXIS 9337 (3d Cir. 2011) (unpublished)..........8

Malleus v. George, 641 F.3d 560 (3d Cir. 2011)......................................4

Marjac, LLC v. Trenk, 2006 U.S. Dist. LEXIS 91574 (D.N.J. 2006) ..............18

Markowitz v. Northeast Land Co., 906 F.2d 100 (3d Cir. 1990). ................... 4

Meekins v. Beard, 2008 U.S. Dist. LEXIS 17021 (M.D. Pa. 2008).....................7

Milhouse v. Carlson, 652 F.2d 371 (3d Cir. 1981).................................... 16

Mitchell v. Horn, 318 F.3d 523 (3d Cir. 2003) ....................................10, 11

Pension Benefit Guar. Corp.
        v. White Consol. Indus., 998 F.2d 1192 (3d Cir. 1993) .....................18

Phillips v. County of Allegheny, 515 F.3d 224 (3d Cir. Pa. 2008) ................ 3, 4

Pressley v. Blaine, 352 Fed. Appx. 701 (3d Cir. 2009) (unpublished).......... 11, 12

Procunier v. Martinez, 416 U.S. 396 (1974) ...........................................17

Rauser v. Horn, 241 F.3d 330(3d Cir. 2001).......................................6, 7,

Ray v. Kertes, 285 F.3d 287 (3d Cir. 2002) ...........................................17

Rocks v. City of Philadelphia, 868 F.2d 644 (3d Cir. 1989).......................4, 8,

Sandin v. Conner, 515 U.S. 472 (1995) .............................................. 9, 10

Superintendent v. Hill, 472 U.S. 445 (1985)......................................... 12

United Artists Theatre Circuit, Inc. v.
        Twp. of Warrington, 316 F.3d 293 (3d Cir. 2003)............................14

## CONSTITUTIONAL PROVISIONS

Const. Am. XIV. ......................................................................10

## FEDERAL RULES OF CIVIL PROCEDURE

Fed R. Civ. P. 8(a)....................................................................3

Fed. R. Civ. P. 12(d)..................................................................................18

## I.    RELEVANT PROCEDURAL HISTORY

Mr. Buehl filed the original complaint in this action through undersigned counsel on November 3, 2010.  Defendants filed a motion to dismiss or, in the alternative, motion for summary judgment on January 24, 2011, accompanied by a state of material facts.  Defendants filed a brief in support of their motion on February 14, 2011.  Mr. Buehl filed a responsive brief, accompanied by an answer to Defendants' statement of facts on March 28, 2011.  On March 31, 2011, Mr. Buehl filed an affidavit in support of his opposition brief.  On April 20, 2011, Defendants filed a reply brief supporting their motion to dismiss, or, in the alternative, motion for summary judgment.  On September 1, 2011, Mr. Buehl filed an Amended Complaint.  On November 21, 2011, Defendants filed a motion to dismiss the Amended Complaint.  On December 20, 2011, Defendants filed a brief in support of their motion to dismiss Counts I, II, III, VI, VII, and VIII of the Amended Complaint.  Mr. Buehl now responds in opposition to Defendants' motion to dismiss.

## II.    STATEMENT OF FACTS

Mr. Buehl was incarcerated at SCI-Smithfield for most of the time frame encompassed by this action.  He is now incarcerated at SCI-Mahanoy.  Beginning in 2007, Mr. Buehl observed that prison staff at SCI-Smithfield regularly cancelled outdoor exercise ("yard") for prisoners for no legitimate reason, often claiming the

cancellation was due to "inclement weather," when, in fact, the weather was not inclement.  Mr. Buehl filed numerous grievances and, in August 2009, a state court mandamus action about this issue.

Shortly after filing the mandamus petition, Mr. Buehl was subjected to a series of retaliatory actions by Defendants.  He filed grievances about these actions but obtained no relief.  On November 3, 2010, Mr. Buehl filed the instant civil rights action, asserting retaliation claims and federal equal protection and due process claims.  The retaliatory conduct of Defendants continued after the filing of this action and included policy changes, additional intensive cell searches of Mr. Buehl and property confiscations.  Defendants also retaliated against Mr. Buehl by issuing false misconducts against him, subjecting him to disciplinary confinement on him in the Restricted Housing Unit (RHU), and continuing to deprive him of his property.  Defendants also punished Mr. Buehl for communicating with other prisoners about the policy changes regarding yard practices.  Prior to the disciplinary hearing, the hearing examiner, Defendant Mitchell conferred *ex – parte* with Defendant Eichenlaub, who was involved in issuing the misconduct charges.  At his disciplinary hearing, Mr. Buehl was denied the right to call witnesses (including Eichenlaub) and was denied access to the confiscated documents which formed the basis for the charged levied against him.  The disciplinary appeals process, through the institutional level, provided similarly

inadequate process for challenging his RHU placement and property deprivation.

At the highest level of the disciplinary appeals process, Mr. Buehl's misconduct

charges were remanded to the institution.  Once remanded, all charges were

dismissed – *after* Mr. Buehl had spent almost his entire 90-day disciplinary

sentence in the RHU.  After the charges were dismissed, Defendants kept Mr.

Buehl in the RHU in Administrative Custody status for over a month more,

subjecting him to the same conditions as those he endured while in disciplinary

custody status.  Defendants continued to deprive Mr. Buehl of his property while

he was in Administrative Custody status.

## III.   STATEMENT OF STANDARD OF REVIEW

Under the notice pleading standard provided in the Federal Rules of Civil

Procedure, a complaint must contain a "short and plain statement of the claim

showing that the pleader is entitled to relief."  See Fed. R. Civ. P. 8(a)(2).  The

complaint must contain "enough factual matter (taken as true) to suggest" the

required elements of the claim.  Phillips v. County of Allegheny, 515 F.3d 224,

234 (3d Cir. Pa. 2008) (quoting Bell Atlantic v. Twombly, 550 U.S. 544 (2007)).

Importantly, Rule 8(a) does not "impose a probability requirement at the pleading

stage," but instead "simply calls for enough facts to raise a reasonable expectation

that discovery will reveal evidence of" the necessary element.  See id.  Courts must

accept all factual allegations in the complaint as true and construe the complaint in

the light most favorable to the Plaintiff.  Phillips, 515 F.3d at 233 (citation

omitted); Rocks v. City of Philadelphia, 868 F.2d 644, 645 (3d Cir. 1989).

Federal Rule of Civil Procedure 12(b)(6) provides for dismissal of a claim

by motion for "failure to state a claim upon which relief can be granted."  See Fed.

R. Civ. P. 12(b)(6).  A motion to dismiss pursuant to Rule 12(b)(6) tests the legal

sufficiency of the complaint.  Kost v. Kozakiewicz, 1 F.3d 176, 183 (3d Cir. 1993).

Such a motion is properly granted when, taking all factual allegations in the

complaint and inferences derived from them as true, the moving party is entitled to

judgment as a matter of law.  Markowitz v. Northeast Land Co., 906 F.2d 100, 103

(3d Cir. 1990).  A civil complaint must "set out 'sufficient factual matter' to show

that the claim is facially plausible." Fowler v. UPMC Shadyside, 578 F.3d 203,

210 (3d Cir. 2009) (quoting Ashcroft v. Iqbal, 129 S. Ct. 1937, 1955 (2009)).  It is

the defendant's burden to show that the complaint fails to do this.  See Hedges v.

United States, 404 F.3d 744, 750 (3d Cir. 2005) (internal citation omitted). A

District Court's inquiry a the motion to dismiss stage is "normally broken into

three parts: (1) identifying the elements of the claim, (2) reviewing the complaint

to strike conclusory allegations, and then (3) looking at the well-pleaded

components of the complaint and evaluating whether all of the elements identified

in part one of the inquiry are sufficiently alleged." Malleus v. George, 641 F.3d

560, 563 (3d Cir. 2011).

## IV.   STATEMENT OF QUESTIONS INVOLVED

I.   Should this Court deny Defendants' motion to dismiss pursuant to Rule 12(b)(6) because the Amended Complaint on its face states valid claims for relief?

*Suggested Answer:  yes*

II.   When ruling on Defendants' Rule 12(b)(6) motion to dismiss the Amended Complaint, should this Court disregard Defendants' arguments pertaining to exhaustion of administrative remedies and the exhibits attached to Defendants' motion and brief, as they are inappropriate in a motion to dismiss under Rule 12(b)(6).

*Suggested Answer:  yes*

## V.   ARGUMENT

A.   Counts II, III, VI, VII, and VIII state valid claims for relief and should not be dismissed pursuant to Rule 12(b)(6).[1]

*1.  Count II states a retaliation claim for which relief may be granted.*

Count II is a retaliation claim based on Defendants' confiscation of court docket reports from Mr. Buehl, after he had been granted permission to receive and possess these docket reports by the DOC's Chief Grievance Officer a year earlier.

---

[1] Defendants have not moved to dismiss Counts IV and V of the Amended Complaint.  Defendants' motion to dismiss Count I is based solely on their argument that Mr. Buehl failed to exhaust administrative remedies, which is discussed in Section II of this brief.

See Am. Compl. ¶¶ 79-102.  To state a claim for retaliation under the First

Amendment, Mr. Buehl must allege facts supporting an inference that:  1) his

conduct was constitutionally protected; 2) he suffered "adverse action" at the hands

of prison officials; and 3) a causal link exists between his constitutionally protected

conduct and the adverse action.  Rauser v. Horn, 241 F.3d 330, 333 (3d Cir. 2001).

Defendants do not contest that Mr. Buehl was engaging in constitutionally

protected conduct; they argue that the confiscation of the docket reports was not

"adverse action."  See Def. Br. at 11-12.  Defendants assert that Mr. Buehl was not

harmed by the confiscation and that he continued to file grievances after the

confiscation.  See id.

    As to Defendants' assertion that Mr. Buehl was not harmed by the docket

report confiscation, the Amended Complaint asserts otherwise.  See Am. Compl. ¶

101 (alleging that Plaintiff felt intimidated, oppressed by Defendants' conduct and

that Defendants chilled Plaintiff's expression through mail); ¶ 102 (Defendants'

arbitrary reversal of its policy on docket report possession intimidated Plaintiff and

undermined his reliance on the finality of DOC final review decisions).  Moreover,

when read in light of the Amended Complaint as a whole, the allegations

surrounding the confiscation of the docket reports signal a clear intent on the part

of Defendants to stop Mr. Buehl from litigating or pursuing his claims within the

DOC grievance system.  See Lauren W. ex rel. Jean W. v. DeFlaminis, 480 F.3d

259, 267 (3d Cir. 2007) (a plaintiff can show causation "from the evidence gleaned from the record as a whole") (citation omitted).   Court docket reports, by their very nature, implicate constitutionally protected activity of preparing and filing lawsuits.  As such, the confiscation of the docket reports is a quintessential form of "adverse action" under the First Amendment.  This inference is strengthened even more by the fact that the Defendants intentionally overrode the DOC's final decision in 2008 which expressly permitted Mr. Buehl to possess court docket reports, such as those confiscated here.  See Am. Compl. ¶¶ 83-91.  Moreover, Defendants asserted the *identical rationale* which had been struck down by the Chief Grievance Officer in 2008.  See id. ¶ 92.

As to Defendants' assertion that Mr. Buehl continued to file grievances after the docket report confiscation, adverse action need not actually deter the plaintiff in a retaliation case from exercising constitutional rights; it need only be "sufficient to deter *a person of ordinary firmness* from exercising his [constitutional] rights."  See Rauser, 241 F.3d at 333 (quoting Allah v. Sieverling, 229 F.3d 220, 225 (3d Cir. 2000) (emphasis added)).  The test for "adverse action" in a retaliation claim is objective, not subjective.  See, e.g., Meekins v. Beard, 2008 U.S. Dist. LEXIS 17021, at *19-20 (M.D. Pa. 2008) (citation omitted). Consequently, it does not matter whether the Amended Complaint alleges that Mr. Buehl himself was deterred by the retaliatory conduct.

The allegations in the Amended Complaint must be accepted as true for purposes of deciding Defendants' motion to dismiss. See Rocks, 868 F.2d at 645. Mr. Buehl's burden at this stage in the proceedings is merely to state a *prima facie* case for retaliation; he need not prove the claim at this stage. See, e.g., Mack v. Yost, 2011 U.S. App. LEXIS 9337 (3d Cir. 2011) (unpublished) (attached hereto). The Amended Complaint's allegations are sufficient to make out a *prima facie* case of retaliation in this case and permit Mr. Buehl's retaliation claim to proceed.

2.     *Count III states a retaliation claim for which relief may be granted.*

In Count III, the Amended Complaint asserts that Defendants Fisher, Hannah, and Robinson retaliated against Mr. Buehl when they made drastic changes in yard/ block out policy in March 2011.  In their brief, Defendants assert that the new yard/ block out policy "did not reduce out of cell time but merely required that inmates participate in yard when yard was available." See Def. Br. at 16.  To the extent Defendants are making a factual assertion, such an assertion may create an issue of fact to be resolved at a later stage in the proceedings, as the Amended Complaint asserts that the new schedule did result in inmates having to stay inside their cells more often. See Am. Compl ¶¶ 115, 124.

Defendants appear to argue that the "adverse action" component of this claim consists solely of the denial of out of cell time / loss of exercise privileges caused by the changed yard/ block out policy. See Def. Br. at 16-17.  However, as

the Amended Complaint makes clear, the "adverse action" component of this claim includes the manipulation of other inmates against Mr. Buehl, by encouraging the other inmates to blame Mr. Buehl for the change in policy and to take out their anger on him. See Am. Compl. ¶¶ 118, 120, 122-125. Such actions, which put Mr. Buehl's safety at risk by pitting other inmates against him, certainly constitute "adverse action" for purposes of the Rauser test.

In addition, contrary to Defendants' characterization of the denial of exercise as "occasional," see Def. Br. at 16, the Amended Complaint asserts that the yard/ block out change had a significant impact on Mr. Buehl and the other prisoners at Smithfield. See Am. Compl. ¶¶ 116, 121-124. By changing the yard/ block out policy and reducing the opportunities for out of cell time, then blaming Mr. Buehl for this change, Defendants retaliated against Mr. Buehl for his grievances and lawsuits.

>    3. *Counts VI and VII state due process claims for which relief may be granted.*

>    a.   Procedural due process / protected liberty interest

Defendants argue that Counts VI and VII fail to state claims for which relief may be granted, because Mr. Buehl did not have a cognizable liberty interest to not be housed in disciplinary segregation. See Def. Br. at 19-20. Defendants rely on the Supreme Court's opinion in Sandin v. Conner, 515 U.S. 472, 484 (1995), and appear to assert that Sandin established a *per se* rule which forecloses finding a

liberty interest in remaining in general population. See Def. Br. at 20. As explained below, such a reading of Sandin, and the conclusion drawn from it, should be rejected.

The Fourteenth Amendment provides that no person shall be deprived of life, liberty, or property without due process of law. See Const. Am. XIV. Due process protections are not implicated unless there is a constitutionally protected liberty or property interest at stake. See Fuentes v. Shevin, 407 U.S. 67 (1972). Whether placement in a particular housing area of a prison gives rise to a protected liberty interest requires a fact-intensive inquiry as to whether the actual conditions the inmate was subjected to are "atypical and significant" when compared to other prison conditions. See 515 U.S. 472, 484 (1995).

In Mitchell v. Horn, 318 F.3d 523 (3d Cir. 2003), the Third Circuit reviewed the District Court's grant of summary judgment to the defendants on the plaintiff's procedural due process claim in connection with his placement in disciplinary segregation. See Mitchell, 318 F.3d at 531. The District Court's grant of summary judgment was based on its interpretation of Sandin v. Conner as setting forth a *per se* rule precluding a finding of a protected liberty interest in avoiding placement in disciplinary segregation. See id. at 531. In remanding the case for factual development, the Third Circuit held that the Supreme Court had not established such a *per se* rule in Sandin and that, to the contrary, the Sandin Court had

10

"carefully compared the circumstances of the prisoner's confinement with those of other inmates" before reaching its conclusion.  See Mitchell, 318 F.3d at 532-33.

In this case, the Amended Complaint contains sufficient facts which, taken as true, show that the conditions Mr. Buehl was subjected to during his RHU stay were "atypical and significant," and therefore give rise to a protected liberty interest under the Fourteenth Amendment.  The Amended Complaint alleges that as a result of his misconduct hearing, Mr. Buehl was placed in disciplinary segregation (also known as "the hole"), where he remained for ninety days.  See, e.g., Am. Compl. ¶¶ 179, 213.   The Amended Complaint alleges facts demonstrating the punitive, painful, and adverse conditions Mr. Buehl was subjected to while in "the hole" for no legitimate reason.  See id. ¶ 217 -225, 232 (alleging, *inter alia*, isolation, deprivation of showers and yard time, difficulty sleeping, physical pain and discomfort, weight loss).  Because Mitchell mandates a fact-based inquiry into the conditions endured during the segregation, dismissal at the Rule 12(b)(6) stage is inappropriate.  See Mitchell, 318 F.3d at 532-33; see also Pressley v. Blaine, 352 Fed. Appx. 701, *706 (3d Cir. 2009) (unpublished) (copy attached hereto) (remanding case for "fact-specific inquiry required by *Sandin*.").

If a protected liberty interest is determined to exist, due process requires that a prisoner not be deprived of that liberty interest at a disciplinary hearing unless he or she is given:  "(1) an impartial decision-making body; (2) twenty-four hour

notice of the charges; (3) an opportunity to call witnesses and present documentary evidence; (4) assistance from a representative; and (5) a written decision explaining the evidence relied upon."   See Pressley, 352 Fed. Appx. at *706 (citing Griffin v. Spratt, 969 F.2d 16, 19 (3d Cir. 1992)).   The disciplinary decision must be supported by at least "some evidence."   Id. (citing Superintendent v. Hill, 472 U.S. 445, 455 (1985).

Here, with regard to the misconduct proceedings and resulting punishment (Count VI), the Amended Complaint sets forth numerous allegations of insufficient process in the misconduct proceedings.  For example, the Amended Complaint alleges that the misconduct charges were baseless and that Defendants knew this was so (Am. Compl. ¶¶ 154- 167); that Defendant Mitchell conferred *ex parte* with Defendant Eichenlaub prior to the misconduct hearing, about the misconduct report (Am. Compl. ¶¶ 170-171); Plaintiff's requests for witnesses (including Defendant Eichenlaub) and documentary evidence (including the documents which formed the basis for the charges) at his hearing were denied by Defendant Mitchell (Am. Compl. ¶¶ 174 – 178).  With regard to the post-misconduct dismissal events (Count VII), the Amended Complaint asserts that Plaintiff remained in the RHU throughout his misconduct appeals process (Am. Comp. ¶ 196); that the misconduct charges were remanded to the institution after Plaintiff's appeal reached the Chief Hearing Examiner (Am. Compl. ¶¶ 197-198); that no hearing

was held, despite Plaintiff's being notified that one would be held (Am. Compl. ¶

200-201); that all of the charges against Mr. Buehl were dismissed but that

Defendants kept him in the hole anyway (Am. Compl. ¶¶ 202-203); that

Defendants imposed a baseless "separation transfer" on Plaintiff, denied him

Administrative Custody status privileges, and kept him in the hole for an additional

period of time (Am. Compl. ¶¶ 204-211); that although the label on Mr. Buehl's

status changed from "disciplinary" to "administrative," the conditions he was

subjected to did not change (Am. Compl. ¶¶ 228-229).  Accepting these allegations

as true, as required under Rule 12(b)(6), the Amended Complaint states a claim for

relief for deprivation of a liberty interest without due process.

> b.      Procedural due process / protected property interest.

Mr. Buehl's constitutionally protected property interests form the basis for

the claims asserted in Counts VI and VII as well.  Inmates have constitutionally

protected interests in their property.  <u>See</u> Const. AMEND XIV; <u>Burns v. Dep't of

Corr.</u>, 544 F.3d 279, 286 (3d Cir. 2008) ("[T]he Supreme Court has held that the

impairment of property rights, even absent the permanent physical deprivation of

property, is often sufficient to trigger due process protections.").[2]

---

[2] <u>Sandin v. Conner</u>'s holding regarding prisoners' liberty interests is not applicable
to procedural due process claims regarding deprivation of property interests.  <u>See</u>,
e.g., <u>Handberry v. Thompson</u>, 446 F.3d 335, 353 n.6 (2d Cir. 2006).

The Amended Complaint contains ample allegations that Mr. Buehl's property rights were impaired by Defendants and that the process he was provided for challenging the deprivations was constitutionally inadequate. The Amended Complaint asserts, *inter alia*, that Defendants confiscated Mr. Buehl's typewriter from his cell (Am Compl. ¶ 140); that Defendants confiscated other property from Mr. Buehl (Am. Compl. ¶¶ 144-146); that Defendants ordered that Mr. Buehl's property be "revoked" as "contraband" (Am. Compl. ¶¶ 179, 192); that Mr. Buehl was denied access to his property while in Disciplinary Custody status and continued to be denied access to his property even after his disciplinary charges were dismissed and he was kept in Administrative Custody status (Am. Compl. ¶¶ 213, 217(a), (b), (c)); that as of the time of the filing of the Amended Complaint, Defendants continued to deprive Mr. Buehl of his property (Am. Compl. ¶ 231). As described above, the Amended Complaint is replete with allegations describing the inadequacy of the process afforded to Mr. Buehl during and after the disciplinary hearing. Accepting these allegations as true under a Rule 12(b)(6) standard, the Amended Complaint states valid claims for relief under the Due Process Clause for Defendants' deprivation of Mr. Buehl's property interests.

    c.    Substantive due process

The core of the Fourteenth Amendment's Due Process clause is protection from arbitrary government action. <u>United Artists Theatre Circuit, Inc. v. Twp. of</u>

Warrington, 316 F.3d 392, 399 (3d Cir. 2003) (citations omitted).  A plaintiff

bringing a substantive due process claim must show that government conduct

"shocks the conscience."  Chainey v. Street, 523 F.3d 200, 219 (3d Cir. 2008)

(citation omitted).   The Amended Complaint asserts, in detail, how Defendants'

carefully planned and imposed punishments on Mr. Buehl for his protected

activities; how Defendants falsified reports and conspired with each other in order

to carry out their plan; and how Defendants, despite having multiple opportunities

to cease their retaliatory and punitive actions, chose instead to continue their

course of conduct.  The Amended Complaint thus states a claim for a substantive

due process violation against Defendants.

      4.    *Count VIII states a First Amendment claim for which relief may be*
          *granted.*

Defendants argue that that Count VIII fails to state a claim for which relief

may be granted, because insufficient facts are stated to determine whether the

communications referred to are protected under the First Amendment or to

determine whether any punishment constituted adverse action.  See Def. Br. at 20.

The Amended Complaint is replete with factual allegations about Plaintiff's

communications, the protected nature of those communications, and the adverse

nature of the punishments imposed on him by Defendants Fisher, Hollibaugh,

Hannah, Robinson, Myers, Painter, Eichenlaub, and Mitchell for those

communications.  Paragraphs 128 through 161 describe the confiscation of the

draft grievance text provided by Mr. Buehl to other inmates who sought his

suggestions on how to grieve the change in the yard/ block out schedule, followed

by an intensive cell search by Defendants, Defendants' harassment of Mr. Buehl,

and Defendants' placement of Mr. Buehl in the RHU for possessing this text.  The

filing of grievances and lawsuits against prison officials is constitutionally

protected conduct.  Milhouse v. Carlson, 652 F.2d 371, 373-74 (3d Cir. 1981).

Speaking to fellow inmates is constitutionally protected speech.  Paragraphs 169

through 183 allege that Defendants Mitchell, Robinson, Myers, Eichenlaub, and

Hannah punished Plaintiff for his communications, in the form of the draft

grievance text and attorney questionnaire.  Paragraphs 186 through 191 allege that

Defendants Hollibaugh, Robinson, Myers, and Eichenlaub conducted a campaign

of intimidation and harassment of prisoners who had filed similarly worded

grievances to the draft grievance text, in order to retaliate against Plaintiff and the

other prisoners for their protected speech.  Paragraphs 192 and 193 allege that

Defendant Fisher summarily upheld Plaintiff's punishment for his speech, without

considering Plaintiff's arguments.

The Amended Complaint also alleges that Defendants punished Mr. Buehl

for communications between himself and his attorney were punished.  See Am.

Compl. ¶¶ 162-168.  Prisoners have a constitutional right to communicate with

their attorneys, including a right to receive written documents from them.

16

Procunier v. Martinez, 416 U.S. 396, 419 (1974).  Accepting the Amended

Complaint's well pleaded allegations as true for purposes of Rule 12(b)(6)

analysis, Defendants' motion to dismiss Count VIII should be denied by this

Court.[3]

> B. <u>This Court should disregard Defendants' arguments pertaining to
> exhaustion of administrative remedies and the exhibits attached to
> Defendants' motion and brief, as they are inappropriate in a motion to
> dismiss under Rule 12(b)(6).</u>

Failure to exhaust administrative remedies is an affirmative defense which

must be pleaded and proved by Defendants.  <u>Jones v. Bock</u>, 549 U.S. 199, 212

(2007); <u>Ray v. Kertes</u>, 285 F.3d 287, 295 (3d Cir. 2002).  There is no requirement

that Mr. Buehl include any allegations regarding exhaustion of administrative

remedies in his Amended Complaint, and he did not do so.  Defendants' argument

that Counts I, II, and III should be dismissed because Mr. Buehl has failed to

exhaust his administrative remedies for those claims is, therefore, inappropriately

raised in a Rule 12(b)(6) motion and should be rejected by this Court.

Similarly, the documents attached as exhibits to Defendants' motion and

brief should not be considered by this Court, because they are neither integral to

the Amended Complaint nor relied upon by the Amended Complaint.  A district

---

[3] As discussed in Section II of this brief, Defendants' assertion that the Amended
Complaint contains insufficient facts by which to determine whether Mr. Buehl
exhausted his administrative remedies, <u>see</u> Def. Br. at 20, inappropriately attempts
to shift the burden of pleading and proving exhaustion of remedies to the plaintiff.

court ruling on a motion to dismiss under Rule 12(b)(6) may consider documents outside the pleadings *if* the documents are "integral to or explicitly relied upon in the complaint." See In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997) (emphasis added); see also Pension Benefit Guar. Corp. v. White Consol. Indus., 998 F.2d 1192 (3d Cir. 1993) (a court may consider "an undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss *if* the plaintiff's claims are based on the document.") (emphasis added). However, if the documents attached to a defendant's motion do not form the basis of the Plaintiff's complaint, a court may not consider such documents when ruling on the Rule 12(b)(6) motion.[4] See, e.g., Fosburg v. Lehigh Univ., 1999 U.S. Dist. LEXIS 2833, *5-6 (E.D. Pa. 1999) (refusing to apply the PBGC exception where the attached documents were not the actual source of the Plaintiff's case); Marjac, LLC v. Trenk, 2006 U.S. Dist. LEXIS 91574, *39-40 (D.N.J. 2006) (same); Brown v. Wiener, 2005 U.S. Dist. LEXIS 15610, *7-9 (E.D. Pa. 2005) (consideration of an exhibit to a motion to dismiss is permitted when the allegations in the complaint are based on the document and/ or the complaint

---

[4] Defendants did not seek summary judgment "in the alternative" to dismissal under Rule 12(b)(6) and did not ask the court to convert their motion to a motion for summary judgment under Rule 56. Should this Court choose to convert Defendants' motion into a motion for summary judgment, Defendants should be directed to file a statement of material facts, as required under Local Rule 56.1 and Mr. Buehl should be given a reasonable opportunity to present all material which is pertinent to the motion. See Fed. R. Civ. P. 12(d).

describes the document's terms).  Mr. Buehl did not attach any documents as exhibits to his Amended Complaint and did not rely on any of Defendants' exhibits in stating the allegations of the Amended Complaint.  Consequently, Defendants' exhibits should be disregarded by this Court when ruling on the instant Rule 12(b)(6) motion.

## VI.   CONCLUSION

For the foregoing reasons, this Court should deny Defendants' motion to dismiss the Amended Complaint.

Respectfully submitted,

PENNSYLVANIA INSTITUTIONAL
LAW PROJECT

Date:  January 3, 2012    BY:    /s/ Jennifer J. Tobin
Jennifer J. Tobin
Attorney I.D. No. 202047
Pennsylvania Institutional Law Project
718 Arch Street, Ste. 304 South
Philadelphia, PA  19106
Tel:   215-925-2966
Fax:  215-925-5337
Attorney for Plaintiff

## CERTIFICATE OF SERVICE

I, Jennifer J. Tobin, certify that on January 3, 2012, the foregoing brief in opposition to Defendants' motion to dismiss the Amended Complaint, along with all accompanying attachments, was filed via the Court's ECF system and is available for viewing and downloading therefrom.  In addition, the following individuals were served with a copy of the foregoing motion and all accompanying attachments via the ECF electronic notification system:

Michael L. Harvey
Office of Attorney General
15th Floor
Strawberry Square
Harrisburg, PA  17120

mharvey@attorneygeneral.gov

Attorney for Defendants


Date: January 3, 2012               /s/ Jennifer J. Tobin
                                    Jennifer J. Tobin
                                    Pennsylvania Institutional Law Project